866 F.2d 431
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles DAVIE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1126.
 United States Court of Appeals, Sixth Circuit.
 Jan. 23, 1989.
 
 Before MERRITT, BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 The issue in this social security case is whether the Secretary's finding that plaintiff, Charles Davie, is not disabled and is able to perform the full range of sedentary work is supported by substantial evidence. This appeal arises from Davie's second application for benefits made on October 9, 1984 and alleging disability as of November 1, 1983. The application was denied initially and on reconsideration. A hearing before an administrative law judge (ALJ) was conducted and resulted in a determination that Davie was not disabled. The Appeals Council affirmed.
 
 
 2
 Thereafter, Davie timely filed a complaint in the District Court pursuant to 42 U.S.C. Sec. 405(g). The District Court ordered the cause remanded to obtain additional evidence in the form of vocational expert testimony. The resulting decision modified the earlier determination finding that while plaintiff could not perform the full range of sedentary work, he could perform sedentary work with a sit-stand option which existed in significant numbers in the economy. The ALJ, therefore, found that Davie was not disabled. The Appeals Council, a magistrate and the District Court affirmed.
 
 
 3
 Davie was born on May 26, 1942. He has an eleventh grade education and last worked on the assembly line in an automobile manufacturing facility. Davie alleges disability due to sharp lower back pain, extending to the hips and forgetfulness caused by stress and ingestion of analgesic medication.
 
 
 4
 The Secretary found that Davie suffered from post-disc herniation and chemonucleolysis. The Secretary further determined that these conditions prevented Davie from returning to his past work but that he retained the residual function capacity to perform sedentary exertional level work with a sit/stand option. Finally, the Secretary found that neither Davie's subjective complaints of pain nor his treating physician's conclusion of total disability were supported by objective medical evidence. The Secretary, therefore, denied benefits.
 
 
 5
 To establish disability due to pain, the claimant must meet a two-pronged test. Duncan v. Secretary of Health and Human Services, 801 F.2d 847 (6th Cir.1986). First, he must provide evidence of an underlying medical condition. Id. at 852-53. Second, he must either provide objective medical evidence which confirms the severity of the alleged pain or show that the medical condition is of a severity which could reasonably be expected to produce the alleged pain. Id. Davie first challenges the finding that he failed to satisfy the Duncan standard.
 
 
 6
 Davie, arguing that a decision must be supported by the record as a whole, contends that the court below erroneously relied solely on two "isolated" entries from the record of Dr. Ditkoff, plaintiff's treating physician in affirming the ALJ's finding that Davie failed to meet the Duncan standard. Plaintiff's argument is without merit, however, as there is substantial evidence which supports the finding that Davie's allegations of pain were not supported by objective medical evidence nor was his condition so severe as to be reasonably expected to produce disabling pain.
 
 
 7
 First, plaintiff himself testified that he can both sit and stand for one to two hours at a time, cook, vacuum, walk a block and one-half, occasionally attend church and lift five to ten pounds. Moreover, plaintiff testified that his back pain worsens if he is on his feet for four to five hours. Significantly, Davie related to Dr. Everett that only after five to six hours of walking does his pain become extremely severe. Such testimony is consistent with the ability to perform sedentary work with a sit/stand option.
 
 
 8
 Second, the objective medical evidence indicates that plaintiff had essentially recovered from the herniated disc. Dr. Ditkoff opined that Davie had recovered and related that he could not explain why Davie continued to have as much pain as he claimed. Lumbar x-rays failed to show any osteoarthritic changes. The only consistently abnormal finding was a decreased left ankle jerk. Plaintiff's muscle strength was good and plaintiff had negative SLR and normal motor and sensory exams following surgery. Moreover, Dr. Finkle, who examined Davie for his worker's compensation claim, concluded that plaintiff was fully recovered and had "no objective physical finding of abnormality," no evidence of orthopedic disability or functional impairment "and can perform his daily activities without restriction." Significantly, Dr. Edmond, another treating physician, opined that Davie was unable to perform his former work but could carry on the simple activities of daily living.
 
 
 9
 The record as a whole, therefore, contains substantial evidence which contradicts Davie's subjective allegations of severe pain. Thus, Davie cannot claim that the Duncan test was erroneously applied.
 
 
 10
 Davie also challenges the testimony of the vocational expert (VE) claiming that it is based on his personal knowledge and, therefore, grossly inadequate. Specifically, Davie argues that the VE's opinion as to the number of sedentary jobs with a sit/stand option was not supported by documentary evidence such as journals or surveys, was not based on the VE's personal observation and was equivocal on the ability of a worker to exercise the sit/stand option at will.
 
 
 11
 This argument is also flawed. Davie cites no authority for his proposition nor does he set forth even a logical argument in support of his position. Review of the VE's testimony reveals it is not equivocal. Further, the VE's testimony need not be based on journals or other documentary evidence but is indeed based on the VE's personal expertise.
 
 
 12
 For the foregoing reasons, we believe that the Secretary's determination of no disability is based on substantial evidence. Accordingly, the District Court's decision is affirmed.